AO 106 (Rev 04/10) Application for a Search Warrant (requesting AUSA Andrea G Foulkes)

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. 19-500-M-1 |
| 7132 Charles Street, Philadelphia, PA 19135 | ) |
| | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*
See Attachment A

located in the _____Eastern_____ District of ___ _____Pennsylvania_____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sec. 841(a)(1) | Possession with intent to distribute a controlled substance |
| 21 U.S.C. Sec. 846 | Drug trafficking conspiracy |

The application is based on these facts:
See Attachment C

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Angela Derbish, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **3.26.19**

*Judge's signature*

City and state: Philadelphia, PA

Timothy R. Rice, United States Magistrate Judge
*Printed name and title*

AO 106 (Rev 04/10) Application for a Search Warrant (requesting AUSA Andrea G Foulkes)

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. **19-500-M-3** |
| | ) | |
| 2007 Gray Toyota Camry | ) | |
| PA License No. KVD1916 | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*
  See Attachment A

located in the ___ Eastern ___ District of ___ Pennsylvania ___ , there is now concealed *(identify the person or describe the property to be seized)*:
  See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. Sec. 841(a)(1) | Possession with intent to distribute a controlled substance |
| 21 U.S.C. Sec. 846 | Drug trafficking conspiracy |

The application is based on these facts:
See Attachment C

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Angela Derbish, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **3.26.19**

*Judge's signature*

City and state: Philadelphia, PA ___

Timothy R. Rice, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### (2007 Gray Toyota Camry)

2007 Gray Toyota Camry, bearing VIN No. 4T1BK46K07U506218, PA License No. KVD1916, registered to Bunny Marie Amalbert at 1335 Dyre Street, Philadelphia, PA. The vehicle is currently parked on the 7100 block of Charles Street, Philadelphia, PA.

**ATTACHMENT B**
**(ITEMS TO BE SEIZED)**

**The following items constitute evidence of the commission of a violation of 21 U.S.C. §§ 841 contraband, items unlawfully possessed, or property designed or intended to be used, or which has been used, as the means for committing such violations, at the location described in ATTACHMENT A.**

1. Controlled substances, contraband, proceeds of drug sales, records of drug transactions, and drug paraphernalia (including backpacks and boxes, grinders, mixing bowls, spoons, scales, ink pads, stamps, razor blades, mirrors, vials, kilo presses, vacuum sealers, plastic wrap for a vacuum sealer, freezer bags, plastic baggies, glassine bags, paper bindles, balloons, wrapping paper, cellophane, film canisters, and cutting agents and diluents).

2. Firearms, firearm accessories, ammunition and other weapons.

3. United States currency, money counters and any other item used for the counting of currency.

4. Cellular telephones, smart phones, tablets, computers, PDAs (personal data assistants), receipts, boxes and purchasing materials for any stored electronic communications, including but not limited to telephone or address directory entries consisting of names, addresses, telephone numbers, logs of telephone numbers dialed, telephone numbers of incoming, outgoing or missed calls, text messages, schedule entries, stored memoranda, videos, digital photographs, emails, social networking sites and logs of websites visited, software to allow others to control the device, passwords, encryption keys, IP addresses, computer forensic programs, evidence of user attribution.

5. All records, documents, and materials (both originals and copies), described below, in whatever format and by whatever means such records, documents, and materials, their drafts, or their modifications may have been created or stored, including but not limited to any (a) hard copy or handwritten form, (b) photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, photos, motion pictures, or photocopies), and mechanical form (such as printing or typing), and (c) electrical, electronic, or magnetic form (such as tape recordings, cassettes, compact discs, or any information on an electronic or magnetic storage device, such as floppy diskettes, hard disks, storage drives, CD-ROMs, DVDs, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, computers, or electronic notebooks, as well as printouts or readouts from any such storage device):

   a. Books, records, receipts, notes, ledgers, tallies, lists of customers, sources and related identifying information, types, amounts and prices of controlled substances, dates, places and amounts of specific transactions, methods of trafficking controlled substances, and any other documents related to the ordering, payment and distribution of controlled substances.

b. Records and documents relating to any and all financial transactions, regardless of the identity of the person(s) involved in the transactions.

c. Records, documents and items relating to the possession, sale, purchase, transfer, and/or storage of any and all tangible or intangible assets, including but not limited to vehicles, real estate, and jewelry, storage units, investment accounts, regardless of the identity of the person(s) involved.

d. Business records, including but not limited to accounts receivable, accounts payable, general ledgers, cash disbursement ledger, check register, employment records, and correspondence, regardless of the identity of the person(s) involved in the transactions.

e. Identification records and documents, including but not limited to birth certificates, state identification cards, social security cards and driver's licenses.

f. Banking records including, but not limited to, monthly savings and checking statements, canceled checks and banking communications, deposit tickets, withdrawal receipts, certificates of deposits, pass-books, money drafts, money orders (blank or endorsed), check cashing logs, wire transfer logs, cashier's checks, bank checks, safe deposit box keys, safes, money wrappers and wire transfers and correspondence.

g. Indicia of occupancy, residency, and ownership or use of the subject premises, including but not limited to utility and telephone bills, addressed envelopes, cancelled envelopes, deeds, rental, purchase or lease agreements, identification documents and keys.

h. Travel records and documents, including but not limited to airline tickets, rental cars, passports, receipts and correspondence.

AO 106 (Rev 04/10)  Application for a Search Warrant  (requesting AUSA Andrea G  Foulkes)

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>2015 Gray Dodge Durango<br>PA License No. KXH8079 | )<br>)<br>)<br>)<br>)<br>) |

Case No.  19-500-M-4

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*
See Attachment A

located in the _____ Eastern _____ District of _____ Pennsylvania _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sec. 841(a)(1) | Possession with intent to distribute a controlled substance |
| 21 U.S.C. Sec. 846 | Drug trafficking conspiracy |

The application is based on these facts:
See Attachment C

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Angela Derbish, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  **3.26.19**

*Judge's signature*

City and state: Philadelphia, PA

Timothy R. Rice, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### (2015 Gray Dodge Durango)

2015 Gray Dodge Durango, VIN no. 1C4RDJAG1FC843774, PA License No. KXH8079, registered to Bunny Marie Amalbert at 1335 Dyre Street, Philadelphia, PA. The vehicle is currently parked in the back of the residence at 7132 Charles Street, Philadelphia, PA.

**ATTACHMENT B**
**(ITEMS TO BE SEIZED)**

**The following items constitute evidence of the commission of a violation of 21 U.S.C. §§ 841 contraband, items unlawfully possessed, or property designed or intended to be used, or which has been used, as the means for committing such violations, at the location described in ATTACHMENT A.**

1.    Controlled substances, contraband, proceeds of drug sales, records of drug transactions, and drug paraphernalia (including backpacks and boxes, grinders, mixing bowls, spoons, scales, ink pads, stamps, razor blades, mirrors, vials, kilo presses, vacuum sealers, plastic wrap for a vacuum sealer, freezer bags, plastic baggies, glassine bags, paper bindles, balloons, wrapping paper, cellophane, film canisters, and cutting agents and diluents).

2.    Firearms, firearm accessories, ammunition and other weapons.

3.    United States currency, money counters and any other item used for the counting of currency.

4.    Cellular telephones, smart phones, tablets, computers, PDAs (personal data assistants), receipts, boxes and purchasing materials for any stored electronic communications, including but not limited to telephone or address directory entries consisting of names, addresses, telephone numbers, logs of telephone numbers dialed, telephone numbers of incoming, outgoing or missed calls, text messages, schedule entries, stored memoranda, videos, digital photographs, emails, social networking sites and logs of websites visited, software to allow others to control the device, passwords, encryption keys, IP addresses, computer forensic programs, evidence of user attribution.

5.    All records, documents, and materials (both originals and copies), described below, in whatever format and by whatever means such records, documents, and materials, their drafts, or their modifications may have been created or stored, including but not limited to any (a) hard copy or handwritten form, (b) photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, photos, motion pictures, or photocopies), and mechanical form (such as printing or typing), and (c) electrical, electronic, or magnetic form (such as tape recordings, cassettes, compact discs, or any information on an electronic or magnetic storage device, such as floppy diskettes, hard disks, storage drives, CD-ROMs, DVDs, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, computers, or electronic notebooks, as well as printouts or readouts from any such storage device):

    a.    Books, records, receipts, notes, ledgers, tallies, lists of customers, sources and related identifying information, types, amounts and prices of controlled substances, dates, places and amounts of specific transactions, methods of trafficking controlled substances, and any other documents related to the ordering, payment and distribution of controlled substances.

b. Records and documents relating to any and all financial transactions, regardless of the identity of the person(s) involved in the transactions.

c. Records, documents and items relating to the possession, sale, purchase, transfer, and/or storage of any and all tangible or intangible assets, including but not limited to vehicles, real estate, and jewelry, storage units, investment accounts, regardless of the identity of the person(s) involved.

d. Business records, including but not limited to accounts receivable, accounts payable, general ledgers, cash disbursement ledger, check register, employment records, and correspondence, regardless of the identity of the person(s) involved in the transactions.

e. Identification records and documents, including but not limited to birth certificates, state identification cards, social security cards and driver's licenses.

f. Banking records including, but not limited to, monthly savings and checking statements, canceled checks and banking communications, deposit tickets, withdrawal receipts, certificates of deposits, pass-books, money drafts, money orders (blank or endorsed), check cashing logs, wire transfer logs, cashier's checks, bank checks, safe deposit box keys, safes, money wrappers and wire transfers and correspondence.

g. Indicia of occupancy, residency, and ownership or use of the subject premises, including but not limited to utility and telephone bills, addressed envelopes, cancelled envelopes, deeds, rental, purchase or lease agreements, identification documents and keys.

h. Travel records and documents, including but not limited to airline tickets, rental cars, passports, receipts and correspondence.

**ATTACHMENT C**
**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANTS**
**FOR REAL PROPERTIES AND VEHICLES**

I, Angela J. Derbish, being duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.      I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2.      I am a Special Agent with the Drug Enforcement Administration (DEA) in Philadelphia, Pennsylvania, assigned to the Philadelphia Division Enforcement Group 21, which investigates narcotics trafficking.

3.      As an agent with the DEA, your affiant attended nineteen weeks of training at the DEA Academy in Quantico, Virginia, where your affiant became familiar with how controlled substances are consumed, manufactured, packaged, marketed, and distributed.  Your affiant has been a DEA special agent since December 2010.  Prior to that, your affiant was employed as an Immigration Enforcement agent with Immigration and Customs Enforcement in Denver, Colorado for approximately three and a half years.

4.      Your affiant has been assigned to the DEA field office in Philadelphia, PA, since April of 2017.  Prior to being in Philadelphia, PA, your affiant was assigned to the DEA field office in El Paso, Texas and where she worked in the Tactical Diversion Squad (TDS), in addition to enforcement groups.  DEA TDS specialized in investigating the illicit distribution of licit controlled substances.  From November 2011 to February 2012, your affiant was assigned to the El Paso Division's Mobile Enforcement Team (MET).  From February 2012 to November 2015, your affiant was assigned to Enforcement Group 6 (EG6).  EG6 was a general enforcement group, which was

1

tasked with investigating and dismantling large-scale drug trafficking organizations operating along the southwestern United States border. In each of these positions, your affiant had the opportunity to participate in many aspects of investigation, including, but not limited to the following: (1) writing affidavits in support of search warrants and wire intercepts; (2) executing search warrants; (3) participating in minimization meetings pursuant to court authorized wire interceptions; (4) conducting surveillance; (5) planning undercover transactions; (6) participating in undercover transactions; (7) debriefing confidential sources (CS); and (8) arresting suspected drug traffickers. Through your affiant's training and experience, she has become familiar with drug traffickers' methods of operation including the distribution, storage, and transportation of drugs, the collection of money proceeds derived from drug trafficking, and the methods of money laundering used to conceal the nature of the proceeds. Your affiant has conducted investigations regarding the unlawful importation, possession, and distribution of controlled substances, as well as, the related money laundering statutes involving the proceeds of specified unlawful activities and conspiracies associated with criminal narcotics, in violation of Title 21 United States Code §§ 841(a)(1), 843(b), 846, 952(a) and 963, and Title 18 United States Code §§ 2, 1952, 1956 and 1957.

5.     Through your affiant's training and experience, she has become familiar with the operation of drug trafficking organizations. Through instruction and participation in investigations, your affiant has become familiar with the manner in which narcotics traffickers conduct their illegal business and the methods, language, and terms which are used to disguise conversations about their narcotics activities. From experience and training, your affiant has learned, among other things, that: (a) drug traffickers rarely, if ever, expressly refer to heroin, cocaine, cocaine base, also known as crack or crack cocaine, or other illegal drugs by name; instead, to conceal the true nature of their illegal activities and to thwart detection by law enforcement, they refer to the drugs and drug

2

quantities using seemingly innocent terms; (b) narcotics traffickers frequently use text message capable cellular phones, cellular telephones, and other communications devices to further their illegal activities by, among other things, remaining in constant or ready communication with one another without restricting either party to a particular telephone or location at which they might be the subject of physical surveillance by law enforcement authorities; and (c) narcotics traffickers frequently transmit pre-arranged numerical codes to text messaging services on cellular phones to identify themselves or to otherwise communicate information, such as price or quantity of drugs, to the person in possession of the cell phone. Her training and experience as a law enforcement officer form the basis of the opinions and conclusions set forth below.

6.     I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigation of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

## SUMMARY OF THE INVESTIGATION

7.     In July 2017, members of DEA Philadelphia Division, Enforcement Group 21, received information from a confidential source (CS), who had information about an individual later identified as Abdiel JIMENEZ-Mendez (JIMENEZ), who was distributing controlled substances including heroin in Philadelphia, PA.

8.     From July 2017 to November 2017, DEA, along with the Philadelphia Police Department Intensive Drug Squat (IDIS), conducted a series of controlled buys utilizing a DEA CS who at their direction, purchased heroin and fentanyl from JIMENEZ on multiple occasions. Agents utilized several court authorized wire and electronic intercepts in this investigation.

During the investigation, Luis ADAMES-Bruno was identified as a major fentanyl and heroin supplier to JIMENEZ and the JIMENEZ DTO.

9.      On March 13, 2019, thirteen members of the JIMENEZ drug trafficking organization were indicted in the Eastern District of Pennsylvania, for drug trafficking conspiracy to distribute over 400 grams of fentanyl and heroin, distribution and possession with intent to distribute fentanyl and heroin, including defendants JIMENEZ, Bunny AMALBERT and Luis ADAMES-Bruno.  On March 26, 2019, arrest warrants were executed at the following locations: 7132 Charles Street, Philadelphia, PA 19135 for the arrest of JIMENEZ and AMALBERT, and 3425 N. Water Street, Philadelphia, PA 19134 for the arrest of ADAMES.

## PROBABLE CAUSE TO SEARCH THE RESIDENCES

10.      At approximately 8:35 a.m., the arrest warrant for Luis Adames-Bruno (ADAMES), a.k.a. "Chicho," was executed at 3425 N. Water Street, by members of DEA and IDIS.  Agents knocked on the door and a male wearing a white tank top was observed in the upstairs window above the front door of the residence.  The male retreated and reappeared at another upstairs window, to the right of the other window.  Agents gave commands to open the door, but the male retreated back into the residence and could not be seen in the windows.  Through the mail slot in the front door, an agent observed a male and female upstairs, as they (unknown male and female) were attempting to jump out of the bathroom window.  At that point, the front door was breached and agents and officers began a foot pursuit in the rear of the residence, where a male and female were apprehended, as they were attempting to run.  When officers apprehended the male, he had a stack of undetermined amount of United States currency in his hand.  The female was apprehended with a purse.  The male was placed under arrest and was searched by officers, where a wallet was recovered, containing an identification card for Luis Manuel Adames-Bruno.  The female was also

4

placed on arrest. During the search incident to arrest of the female, the following items were found in her purse: a fanny pack containing an undetermined amount of United States currency, a black LG Style 4 cell phone, a pink HUAWEI cell phone with a cover, in addition to an identification card from the Dominican Republic, bearing the name Laura Estefany Pou Alvarez.

11.     While in the residence, agents observed a Taurus 357 Magnum in the master bedroom, in plain view. In the guest bedroom, agents observed in plain view a long table, containing bundles of heroin, racks of heroin, in addition to baggies for distributing heroin. There were three stamps on the table, which were used to stamp the bags of heroin prior to distribution. One cell phone bearing the phone number (267) 348-7538 was also found on the table. A cooking pot containing suspected heroin was found on the floor in the bedroom.

12.     When the house was being secured for the safety of the arresting officers, a kilogram press was found in the hall closet.

13.     At approximately 8:40 a.m., the arrest warrants for Abdiel Jimenez-Mendez (JIMENEZ) and Bunny Amalbert (AMALBERT) were executed at 7132 Charles Street. Agents and officers knocked on the door of the residence and an unidentified woman answered the door. The woman was asked where JIMENEZ was located and she stated "upstairs." She also stated that his daughter was upstairs as well. The woman stated that she was JIMENEZ's aunt. JIMENEZ was apprehended and the residence was secured without incident. AMALBERT was placed under arrest upon her return to the residence. While securing the residence, agents observed a small, black pistol on the right side of the bed where JIMENEZ had been sleeping with his daughter, who had not awoken and was still asleep in the bed. The magazine to the pistol had been removed, contained bullets, and was on the stand next to the bed. In addition, on top of the dresser in the same bedroom, agents observed a large stack of United States currency. The large stack of money

5

was rubber-banded together, containing multiple stacks of money within the big stack.  On one side

of the dresser there were more than five rolls of money that were rubber- banded together.  On the

other side of the dresser, there were at least seven rolls of money that were rubber-banded together.

Your affiant believes that the money located inside their residence are proceeds from drug

trafficking, based on the way that the money was banded or rolled together.  There were three cell

phones on top of the same dresser.  The cell phones are described as the following: One red Apple

iPhone, one back LG cell phone bearing IMEI 355380-09-547325-9, and one Gray Samsung

bearing serial number: R38M1078JQB.

### ADDITIONAL PROBABLE CAUSE TO SEARCH TWO VEHICLES

14.     Based on pre-arrest surveillance in the past two weeks, JIMENEZ and

AMALBERT were observed utilizing the following vehicles: a 2007 Gray Toyota Camry bearing

VIN No. 4T1BK46K07U506218 and Pennsylvania license plate KVD1916, registered to Bunny

Marie AMALBERT; and a 2015 Gray Dodge Durango bearing VIN No. 1C4RDJAG1FC843774

and Pennsylvania license plate KXH8079 (with a temporary tag in the back window), also

registered to AMALBERT. The 2007 Toyota Camry is presently parked on the 7100 block of

Charles Street, Philadelphia, PA. The 2015 Dodge Durango is presently parked in the back of the

residence at 7123 Charles Street, Philadelphia, PA.  Neither JIMENEZ nor AMALBERT has any

known verifiable legitimate income to support the recent purchase of the two vehicles sought to be

searched.  Based on your affiant's knowledge of this investigation, which ended in approximately

April 2018, JIMENEZ and AMALBERT routinely utilized three other vehicles (a Mercedez Benz, a

Honda Element and a Chevrolet Silverado) to transport and distribute narcotics, often times with

their children in the car.  All vehicles, including the two vehicles sought to be searched, are

registered to their prior address at 1335 Dyre Street, Philadelphia, PA, where much of the drug

activity described in the indictment occurred. In light of the plain sight observations by arresting

agents of bundles of money, a firearm and drug paraphernalia inside the residential property at 7132

Charles Street, Philadelphia, PA 19135, your affiant submits there is probable cause to search the

requested two vehicles.

## CONCLUSION

15.    Based on the above information and my experience and training as an DEA Special

Agent, your affiant believes that there is probable cause to believe that JIMENEZ, AMALBERT,

and ADAMES have committed violations of Title 21, United States Code, Section 841

(Distribution and possession of a controlled substance with the intent to distribute); Title 21,

United States Code, Section 846 (Conspiracy to distribute and possess with intent to distribute

controlled substances); and that evidence, fruits, proceeds, and/or instrumentalities of these crimes

are located inside the location to be searched: 7132 Charles Street, Philadelphia, PA 19135, and

3425 N. Water Street, Philadelphia, Pennsylvania 19134, in the Eastern District of Pennsylvania.

Your affiant seeks to search the entire premises inside the residences described in Attachment A,

including all safes, computers, cell phones, and/or tablet computers, for items described in

Attachment B.  Your affiant also believes that evidence, fruits, proceeds, and/or instrumentalities

of these crimes are located inside of the Gray Toyota Camry bearing VIN: 4T1BK46K07U506218

and Gray Dodge Durango bearing VIN: 1C4RDJAG1FC843774.  Lastly, your affiant believes

evidence, phone numbers, text messages, and other drug related conversations will be found in the

cell phones: one cell phone bearing the phone number (267) 348-7538, one black LG Style 4 cell

phone, one pink HUAWEI cell phone with a cover, one red Apple iPhone, one back LG cell phone

bearing IMEI 355380-09-547325-9, and one Gray Samsung bearing serial number: R38M1078JQB.


ANGELA J. DERBISH
Special Agent, DEA


Sworn and subscribed before me this 2 6 day of March, 2019

THE HONORABLE TIMOTHY R. RICE
United States Magistrate Judge

8